IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATH CHAPMAN, | § | |
| | § | |
| Defendant Below, | § | No. 616, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 120823344 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 30, 2014
Decided: January 26, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 26th day of January 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jonath Chapman, filed this appeal from the Superior Court's October 23, 2014 order sentencing him for his violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Chapman's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)    The record reflects that, in October 2012, Chapman was indicted on one count of Stalking, two counts of Non-Compliance with Bond Conditions, and three counts of Harassment arising from his contact with a former girlfriend. On April 16, 2013, Chapman pled guilty to Stalking and one count of Non-Compliance with Bond Conditions. Chapman was sentenced, as a habitual offender under 11 *Del. C.* § 4214(a), for Non-Compliance with Bond Conditions to one year and forty-eight days of Level V incarceration with credit for forty-eight days served. Chapman was sentenced for Stalking to three years of Level V incarceration, suspended for twelve months of Level IV Work Release, suspended after six months for eighteen months of Level III probation. Chapman did not appeal his convictions or sentence, but did file several unsuccessful motions for reduction or modification of his sentence.

(3)    On September 4, 2014, after Chapman had completed his sentence for Non-Compliance with Bond Conditions, an administrative warrant was filed for Chapman's VOP. The warrant alleged that Chapman was arrested for harassment of his estranged wife. On October 23, 2014, the Superior Court found that Chapman had violated his probation. Chapman was sentenced for Stalking to two years and one month of Level V incarceration, suspended after eighteen months for six months of Level IV probation, followed by eighteen months of Level III probation. This appeal followed.

2

(4)    In his opening brief on appeal, Chapman first appears to challenge the effectiveness of his counsel in connection with his 2013 guilty plea and the length of his original sentence.  These issues are not justiciable in this appeal.  Chapman did not appeal his 2013 guilty plea or sentence and may not collaterally attack his 2013 sentence in this appeal from a VOP.[2]  To the extent Chapman challenges the Superior Court's denial of his motions for modification or reduction of his sentence, those claims are also outside the scope of this appeal.  Chapman may not use this appeal from the Superior Court's finding of a VOP to resurrect claims of error that could have been, but were not raised in a timely appeal.[3]

(5)    Chapman next argues that the Superior Court sentenced him too harshly for his VOP because he suffers from medical problems with his right hand and arm and the Superior Court judge was dissatisfied with his apology.  Chapman does not dispute that he violated his probation.  This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[4]  Once Chapman committed a VOP, the Superior Court could impose any period of incarceration up to and including the

---

[2] *Taylor v. State*, 2013 WL 1489392, at *1 (Del. Apr. 10, 2013) (concluding appellant's challenges to guilty pleas were not justiciable in appeal from VOP conviction and sentencing); *Eley v. State*, 2006 WL 435592, at *1 (Del. Feb. 21, 2006) (holding appellant could not collaterally attack sentences on convictions underlying VOP in appeal from VOP).

[3] *Cf. supra* n.2.

[4] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

3

balance of the Level V time remaining on Chapman's sentence for Stalking.[5] The Level V sentence imposed by the Superior Court after Chapman's VOP—two years and one month, suspended after eighteen months for decreasing levels of supervision—did not exceed the three years of Level V time previously suspended and was within statutory limits.

(6) If Chapman's contention that the Superior Court judge's dissatisfaction with his apology is an attempt to claim that the judge was biased or exhibited a closed mind, the Court has no adequate basis to review such a claim. Chapman failed to provide a transcript of the October 23, 2014 VOP hearing. In the absence of a transcript, the Court cannot review a claim that the judge was biased or exhibited a closed mind.[6]

(7) Finally, Chapman contends that his sentence exceeds SENTAC guidelines and the Superior Court did not announce aggravating factors for exceeding the SENTAC guidelines. It is well-settled that the SENTAC guidelines are voluntary and non-binding and do not provide a basis for appeal of a sentence that is within the authorized statutory limits.[7] Even assuming in the absence of a

---

[5] 11 Del. C. § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[6] *Rittenhouse v. State*, 2014 WL 5690489, at *2 (Del. Nov. 3, 2014); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[7] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).

transcript that the Superior Court did not announce aggravating factors during the VOP hearing, this is not a basis for reversible error.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[8] *Mayes v. State*, 604 A.2d 839, 846 (Del.1992).